UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:09-CV-00011-TBR

**VESEY AIR, LLC**                                                                                             **PLAINTIFF**

v.

**MAYBERRY AVIATION, LLC,**
**ANTHONY YOUNG, and**
**YOUNG OIL CORPORATION**                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff, Vesey Air, LLC's ("Vesey Air"), Motion for Partial Summary Judgment (Docket # 12). Defendant, Anthony Young ("Young"), has filed a response (Docket #19). Defendant, Mayberry Aviation, LLC ("Mayberry"), has not responded. Plaintiff has filed a reply (Docket #23). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion is GRANTED in part and DENIED in part: Plaintiff's motion as to Defendant Mayberry Aviation, LLC, is GRANTED, while Plaintiff's motion as to Defendant Anthony Young is DENIED with leave to refile.

**BACKGROUND**

On April 5, 2007, Vesey Air and Mayberry entered into a Lease Agreement ("Lease"). The Lease stated Vesey Air agreed to lease to Mayberry an aircraft described in the Lease as a Learjet Inc. Model 60 Aircraft. Vesey Air alleges it has performed all conditions, covenants, and promises required in accordance with the Lease.

Anthony Young entered into a guaranty on April 5, 2007 if favor of Vesey Air guaranteeing all obligations due and owing from Mayberry under the Lease ("Guaranty"). On November 26, 2008, Vesey Air provided notice to Mayberry and Young that Mayberry was in default under the Lease for failing to make the required rent payments ("Default Letter"). Vesey Air also notified

Mayberry and Young that unless the default was cured, Vesey Air may exercise all its rights including recovery of the aircraft.

On December 17, 2008, Vesey Air sent a letter informing Mayberry and Young that Vesey Air had accelerated all amounts due and owing under the Lease ("Acceleration Letter"). Vesey Air made demand for payment and demanded return of the aircraft if payment is not made. Vesey Air alleges Mayberry has failed to pay the accelerated balance due Vesey under the Lease. On December 31, 2008, the aircraft was recovered by Vesey Air. Vesey Air alleges Young has breached his guaranty by failing to make any payments for the amount Vesey Air alleges is owed under the Lease. Young Oil Corporation also entered into a guaranty dated April 5, 2007, guaranteeing all obligations due and owing from Mayberry under the Lease. Young Oil Corporation was provided notification by the Default Letter and Acceleration Letter that Mayberry was in default. Vesey Air alleges Young Oil Corporation has breached its guarantee by failing to may any payments to Vesey Air for the amount Vesey Air alleges is owed under the Lease. Young Oil Corporation has since initiated Chapter 11 bankruptcy proceedings.[1]

Vesey Air brought this action on February 2, 3009, alleging breach of lease against Mayberry, breach of guaranty against Young, and breach of guaranty against Young Oil Corporation. Vesey Air now moves this Court for partial summary judgment against Mayberry and Young.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure

---

[1] Case No. 09-10907 in the United States Bankruptcy Court for the Western District of Kentucky.

2

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Vesey Air asserts that it is entitled to summary judgment on Count I for breach of lease against Mayberry. Vesey Air also asserts it is entitled to summary judgment on Count II for breach of guaranty against Young. Mayberry has not responded to Vesey Air's motion for summary judgment. Young asserts there are genuine issues of material fact which preclude the entry of summary judgment. Specifically, Young states 1) he was of the opinion the release of the plane in

3

question terminated the guarantee of payments of the lease agreement; 2) he had conversations with employees of Vesey Air which lead him to reasonably believe that by return of the plane he would not be responsible for additional monthly payments; and 3) his understanding of the guarantee was that he would not be responsible for any additional costs or expenses for the difference between the sale of the plane by Vesey Air and the total lease payments remaining.

### I. Count I Breach of Lease Against Mayberry

The standard for summary judgment requires the nonmoving party present more than a mere scintilla of evidence in support of his position in order to survive. In the instant case Mayberry has failed to respond to the motion and has therefore failed to meet its burden. The Court finds the entry of summary judgment on Count I is proper.

### II. Count II Breach of Guarantee Against Young

Vesey Air states summary judgment for breach of guarantee should be granted, under New York case law, when it has been established there is a valid guaranty and proof of non payment. Vesey Air argues the Guarantor, Young, unconditionally guaranteed repayment of Mayberry's debt and Young has failed to make any payments. Vesey Air points to the Guaranty as evidence it was intended as a guaranty of repayment and not collection: "This guaranty is a guaranty of prompt payment and performance (and not merely a guaranty of collection)." DN 12-5 at 1. Vesey Air points to Seth Graff's Affidavit as evidence of Young's failure to remit payment. DN 12-3.

Young asserts there are three genuine issues of material fact which preclude the entry of summary judgment. First, Young states he "was of the opinion, and his facts will support, that the release of the jet plane in question by Mayberry Aviation, LLC back to the plaintiff for purposes of sale terminated the guarantee of payments of the lease agreement and that he was no longer

4

responsible for any additional payments. . . ." DN 19 at 4. Second, Young states he "had conversations with employees of the plaintiff, or individuals representing the plaintiff, which lead him to reasonably believe that by the return of the jet that he would not be responsible for any additional monthly payments." DN 19 at 4. Finally, Young states "his understanding of the guarantee was that he would guarantee the payments under the lease agreement if the defendant, Mayberry Aviation, LLC, did not make said payment but would not be responsible for any additional costs or expenses for the difference between the sale of the plane by the plaintiff and the total lease payments remaining." DN 19 at 5.

### a. Choice of law

Vesey Air asserts the breach of guaranty is governed by New York law as provided for in the Guaranty.[2] Young disputes that the breach of guaranty is governed by New York law. Both parties summarily dismiss this issue; however, this issue must be considered by the Court prior to determination of the motion for summary judgment.

This case is before the Court under the Court's diversity jurisdiction; therefore, "the choice of law rules of the forum state, Kentucky, governs whether to enforce the Guaranty's selection of [New York] law." *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000); *see also Heer v. Price*, No. 1:06-cv-114-R, 2007 WL 1100693 (W.D. Ky. 2007). The Sixth Circuit in *Wallace Hardware* held that Kentucky court would apply Restatement (Second) of Conflict of Laws § 187 in a commercial breach of contract case and would therefore honor a provision in the contract

---

[2] "This Guaranty shall be governed by, or construed in accordance with, the laws of the State of New York." DN 12-5 at 3.

5

selecting another states's law. *Id.* at 398-400.[3] The court explained,

> Under § 187, the parties' choice of law should be honored unless (1) "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or (2) "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest.

*Id.* at 398 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187).

As neither party addressed this issue in their briefs to the Court, the Court finds there are not enough facts for the Court to determine which substantive law governs this action. For example, the Court is unaware of where the Guaranty was drafted or executed. Additionally, it is unclear from where the aircraft was used, stored, or recovered. Also, there is no indication of any connection to New York or why the substantive law of New York was chosen to govern this transaction. The Court is also unaware of the circumstances surrounding the transaction, e.g., whether the parties were represented by counsel, whether the purchase was intended for business or personal use, whether the transaction was an arms-length transaction.

The Court grants the motion for summary judgment as to Count I and will enter judgment against Mayberry. The Court denies the motion for summary judgment against Young with leave to refile and address the choice of law issue, as well as the other arguments raised by Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part. Plaintiff's motion as to Defendant Mayberry Aviation, LLC, is GRANTED and judgment will be entered. Plaintiff's motion as to Defendant Anthony Young is

---

[3] The Kentucky Court of Appeals in *John Deere Landscapes v. Gagel*, No. 2005-CA-000372-MR, *4 n. 9, 2006 WL 1953900 (Ky. Ct. App. 2006), cited *Wallace Hardware* for the proposition of enforcing a choice of law provision.

denied with leave to refile. An appropriate order shall issue.