# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO.: 1:09-CV-00011-TBR

**VESEY AIR, LLC**  PLAINTIFF

v.

**MAYBERRY AVIATION, LLC,**
**ANTHONY YOUNG, and**
**YOUNG OIL CORPORATION**  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff, Vesey Air, LLC's ("Vesey Air"), Supplemental Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment Against Defendant Anthony Young on Count II (DN 29). Defendant, Anthony Young ("Young"), has filed a response (DN 32). Plaintiff has filed a reply (DN 33). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion is GRANTED.

## BACKGROUND

This case arises from a Lease and Guaranty between the parties. Young, after deciding to purchase a plane for his business, found a Learjet aircraft at the Aero Toy Store in Fort Lauderdale, Florida. The aircraft was to be used in Young's business to pick up out-of-state investors to show them his oil and gas wells in Kentucky and Tennessee. Young discussed purchasing the plane with Ben, an employee of Aero Toy Store, as well as Mike Flint and an individual named Don, from GE Capital ("GE"). Young had contacted GE in order to obtain financing of the plane.

On April 5, 2007, Vesey Air and Mayberry entered into a Lease Agreement ("Lease"). Vesey Air is a subsidiary of GE. The Lease stated Vesey Air agreed to lease to Mayberry an aircraft described in the Lease as a Learjet, Inc., Model 60 Aircraft.

Also on April 5, 2007, Anthony Young entered into a personal guaranty in favor of Vesey

Air guaranteeing all obligations due and owing from Mayberry under the Lease ("Guaranty"). Thereafter, Mayberry and Young took control of the plane. On November 26, 2008, Vesey Air provided notice to Mayberry and Young that Mayberry was in default under the Lease for failing to make the required rent payments ("Default Letter"). Vesey Air also notified Mayberry and Young that unless the default was cured, Vesey Air would be entitled to exercise its rights, including recovery of the aircraft.

On December 17, 2008, Vesey Air sent a letter informing Mayberry and Young that it had accelerated all amounts due and owing under the Lease ("Acceleration Letter"). Vesey Air made demand for payment and return of the aircraft if payment was not made. Mayberry failed to pay the accelerated balance due Vesey under the Lease. Vesey Air commenced an action in Clark County, Indiana, state court to recover the aircraft. A Writ of Replevin was issued and on December 31, 2008, Vesesy Air recovered the aircraft from a storage facility in Indiana.

In this action Vesey Air alleges Young has breached his guaranty by failing to make any payments for the amount Vesey Air alleges is owed under the Lease. Young states that he believed he was not liable for any payments after the plane was repossessed. In his affidavit Young states that Mike Flint told him he would "be liable only for the payment of the aircraft as long as it was in the possession of Mayberry, the owner of the lease." Young Affidavit ¶ 4. Young also explains that he told Dale Shores that he would not be making any more monthly payments and that Young wanted Shores to take the plane back and cancel the lease which he states Shores agreed to do so. Young Affidavit ¶ 5. Young states "I was unaware that after repossession that I could be personally responsible for the difference between the sale of the plane and what the total lease payments might be . . . I was only told that I would have to make payments on the lease if Mayberry did not make

2

the payments until such time as the lease was cancelled." Young Affidavit ¶¶ 6-7. However, Young gave the following testimony at his deposition:

> A. I was under the understanding that if something happened to me where I could not make these payments, I just couldn't make the payment and the aircraft went back to GE.
> Q. And did – did anyone from GE tell you that?
> A. Well, I don't know.
> Q. This is just an impression that you had in your mind?
> A. No, I'm – I understood this from, I don't remember if – why or who necessarily or why, but I don't think I would have definitely put myself in the position to where I was, if something happened that I couldn't make the payment, that I was still going to have to pay for something in several million dollars.
> Q. Well, my question is do you recall how you obtained that impression?
> A. No, ma'am, I can't tell you for sure. No.
> Q. Okay. Well--
> A. I just– I know myself pretty good and I know that I wouldn't have put myself out on the line if I would have understood it that way. And I may sound pretty dumb and I am kind of dumb to some things, I guess, besides what I do know, you know, my line of work. But as far as leasing, I don't – I guess I've never leased anything in my life. Maybe a car once upon a time, but –

Young Dep. 64:24-66:1, May 14, 2010. During his deposition, Young never testified that Flint or Shores made any promise to him regarding his liability after repayment.

Vesey Air brought this action on February 2, 2009, alleging breach of lease against Mayberry, breach of guaranty against Young, and breach of guaranty against Young Oil Corporation who is not a party to this motion. Vesey Air moved for summary judgment against Young and Mayberry in September 2009. The Court granted summary judgment in favor of Vesey Air against Mayberry in February 2010; however, the Court found the parties needed to further brief the choice of law issue before the Court could address the motion for summary judgment against Young. The parties have briefed the issue and Vesey Air now moves the Court to enter summary judgment against Young.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

Both parties agree there are two primary issues are before the Court: (1) whether Vesey Air and Young should be bound by their choice of law provision in the guaranty requiring the application of the substantive law of New York; and (2) whether Young's obligations under a written guarantee can be released by subsequent verbal statements when the guaranty prohibits any

4

amendment unless in writing.

After review of the parties' supplemental briefs regarding Vesey Air's motion for summary judgment, the Court finds that it was in error in its assertion that determination of the issue of choice of law is necessary to decide the summary judgment motion against Young. The choice of law analysis is only necessary when a conflict occurs between the laws of two states, here Kentucky and New York. *See Asher v. Unarco Material Handling, Inc.*, Slip Copy, No. 06-548-ART, 2010 WL 3119281, at *2 (E.D.Ky. July 28, 2010) (citing *Williams v. Toys "R" Us*, 138 Fed. App'x 798, 803 (6th Cir.2005)). Based on the parties' additional briefing and further review, the Court finds there is no conflict between Kentucky law and New York law regarding the elements of breach of guaranty or the defense asserted by Young.

Now, the Court must determine if Vesey Air has sufficiently established breach of guaranty. Then the burden shifts to the defendant to present any defenses to the breach.

**Breach of Guaranty**

In its initial motion for partial summary judgment Vesey Air argued that summary judgment was appropriate for breach of guarantee, under New York law, when it had been established there was a valid guaranty and proof of nonpayment. Vesey Air argued that the guarantor, Young, unconditionally guaranteed repayment of Mayberry's debt and Young has failed to make any payments. Vesey Air presented the Guaranty as evidence it was intended as a guaranty of repayment and not collection, (e.g., "This guaranty is a guaranty of prompt payment and performance (and not merely a guaranty of collection)" (DN 12-5 at 1.)), and the affidavit of Seth Graff's as evidence of Young's failure to remit payment. (DN 12-3.)

Under both Kentucky and New York law, Plaintiff has established breach of guaranty. First,

5

under New York law a plaintiff is entitled to summary judgment on a guaranty of payment where "[t]he plaintiff [has] established a prima facie case by proffering admissible evidence that [the guarantor] personally guaranteed the note and the note was in default." *Pollina v. Blatt*, 691 N.Y.S.2d 156, 157 (N.Y. App. Div. 2009); *see also Naugatuck Sav. Bank v. Gross*, 214 A.D.2d 549 (N.Y.A.D. 2 Dept. 1995). As stated, Vesey Air has done so: Vesey Air presented the Guaranty as evidence it was intended as a guaranty of repayment and not collection, (e.g., "This guaranty is a guaranty of prompt payment and performance (and not merely a guaranty of collection)" (DN 12-5 at 1.)), and the affidavit of Seth Graff's as evidence of Young's failure to remit payment. (DN 12-3.)

Similarly, under Kentucky law, a plaintiff may prove breach of guaranty by showing the terms of the guaranty and that payment has not been made. *See Yager v. Kentucky Title Co.*, 66 S.W. 1027, 1028 (Ky. 1902) (holding "When the terms of a guaranty of payment fix the time within which the payment shall be made, if the payment is not made within the time prescribed, there is a breach of guaranty."). Therefore, once the plaintiff has established the terms of the guaranty and the amount due, the burden shifts to the defendant to establish a defense, such as satisfaction. *H. C. Whitmer Co. v. Richardson*, 111 S.W.2d 577, 579 (Ky. 1937); *G.C. Heberling Co. v. Clark*, 90 S.W.2d 77, 79 (Ky. 1936.).

**Defense**

In his response to Vesey Air's initial motion for summary judgment, Young asserted that there are three genuine issues of material fact which preclude the entry of summary judgment. First, Young states he "was of the opinion, and his facts will support, that the release of the jet plane in question by Mayberry Aviation, LLC back to the plaintiff for purposes of sale terminated the guarantee of payments of the lease agreement and that he was no longer responsible for any

additional payments. . . ." DN 19 at 4.  Second, Young states he "had conversations with employees of the plaintiff, or individuals representing the plaintiff, which lead him to reasonably believe that by the return of the jet that he would not be responsible for any additional monthly payments." DN 19 at 4.  Finally, Young states "his understanding of the guarantee was that he would guarantee the payments under the lease agreement if the defendant, Mayberry Aviation, LLC, did not make said payment but would not be responsible for any additional costs or expenses for the difference between the sale of the plane by the plaintiff and the total lease payments remaining." DN 19 at 5.  Similarly, in his supplemental response Young argues that there was an oral modification of the Guaranty by an employee of Plaintiff.

Vesey Air asserts that oral modification is not permitted under either New York or Kentucky law based on the terms of the guaranty.  Young argues that, under New York law, oral modification may be allowed where Young acted in reliance upon the modification in entering the contract or, in this case, guaranty.

Under New York law, it is clear when an agreement contains a provision prohibiting modification by oral agreements, it can only be modified by writing.  *See* N.Y. GEN. OBLIG. § 15-301; *Chemical Bank v. Wasserman*, 333 N.E.2d 187 (N.Y. 1975) (where written guarantee of bank's loan to corporation provided that guarantee could not be modified or terminated unless such modification or termination was communicated to bank in writing, alleged oral termination of guarantee of officer by bank was ineffectual to terminate guarantor's obligations).

Similarly, under Kentucky law, merger, or integration clauses, are generally enforceable. *See Radioshack Corp. v. Comsmart, Inc.*, 222 S.W.3d 256, 260 (Ky. Ct. App. 2007) (holding merger clauses are enforceable, absent fraud in the inducement).  Therefore, "[w]hen the negotiations are

completed by the execution of the contract, the transaction, so far as it rests on the contract, is merged in the writing" and any parol testimony is not admissible to vary the terms of the writing. *Id.* (citing *Bryant v. Troutman*, 287 S.W.2d 918, 920 (Ky.1956)). The only exception to the parol evidence rule is fraudulent inducement, which is not alleged here. *Id.* [1]

>Here, the guaranty explicitly states:
>
>This Guaranty is intended by the parties as a final expression of the guaranty of the undersigned [Young] and is also intended as a complete and exclusive statement of the terms thereof. No course of dealing, course of performance or trade usage, nor any paid evidence of any kind, shall be used to supplement or modify any of the terms hereof. Nor are there any conditions to the full effectiveness of this Guaranty. This Guaranty and each of its provisions may only be waived, modified, varied, released, terminated or surrendered, in whole or in part, by a duly authorized written instrument signed by [Vesey Air].

It is clear the Guaranty contained a merger clause which required all modifications to be in writing and such clause is enforceable under both New York and Kentucky law. The record is clear there are no written amendments to the Guaranty. The only modifications or agreements to the Guaranty Young alleges were oral which are explicitly prohibited by the language of the Guaranty.

---

[1] Even if Young were to allege he was fraudulently induced to sign the Guaranty by the alleged promise that he would not be liable after the plane was repossessed, the Court finds Young has not presented sufficient evidence of fraud. To establish a prima facie case for fraud under Kentucky law, a plaintiff must prove by clear and convincing evidence that: (1) the defendant made a material misrepresentation to the plaintiff; (2) the misrepresentation was false; (3) the defendant knew it was false or made it recklessly; (4) the defendant induced the plaintiff to act upon the misrepresentation; (5) the plaintiff relied upon the misrepresentation; and (6) the misrepresentation caused injury to the plaintiff. *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky. Ct. App. 2007) (citing *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)). Although Young has stated in his affidavit that Flint told him he would only be liable while the plane was in Mayberry's possession, Young has not even alleged that Flint knew that this alleged statement was false or that he intended Young to act on the misrepresentation. As there was no fraudulent inducement, parol evidence of an oral modification is prohibited; therefore, Young is not entitled to the defense of oral modification under Kentucky law.

> Young argues that under New York law the oral modification may still be enforceable:
>
> [E]ven where it is provided that modifications must be in writing and signed, New York will enforce oral modifications in two circumstances-where there has been (1) partial performance or (2) reliance-but only where the subsequent performance or reliance is "unequivocally referable to the modification." *Towers Charter*, 894 F.2d at 522.

*John Street Leasehold LLC v. F.D.I.C.*, 196 F.3d 379, 382 (2d Cir. 1999). Young provides his deposition testimony as evidence that he relied on the alleged oral modification in entering into the Guaranty. Young testified as follows:

> A. I was under the understanding that if something happened to me where I could not make these payments, I just couldn't make the payment and the aircraft went back to GE.
> Q. And did – did anyone from GE tell you that?
> A. Well, I don't know.
> Q. This is just an impression that you had in your mind?
> A. No, I'm – I understood this from, I don't remember if – why or who necessarily or why, but I don't think I would have definitely put myself in the position to where I was, if something happened that I couldn't make the payment, that I was still going to have to pay for something in several million dollars.
> Q. Well, my question is do you recall how you obtained that impression?
> A. No, ma'am, I can't tell you for sure. No.
> Q. Okay. Well--
> A. I just– I know myself pretty good and I know that I wouldn't have put myself out on the line if I would have understood it that way. And I may sound pretty dumb and I am kind of dumb to some thing, I guess, besides what I do know, you know, my line of work. But as far as leasing, I don't – I guess I've never leased anything in my life. Maybe a car once upon a time, but –

Young Dep. 64:24-66:1. Young's testimony is evidence that any reliance based on the alleged oral modification that Young would not be responsible for further payments after the Lease was terminated and/or the plane repossessed.

However, Young is unable to present sufficient evidence of an oral modification. Under New York law, Young must present more than mere conclusory assertions of an oral modification or promise in order to defeat summary judgment. *Marine Midland Bank N.A. v. Walsh*, 260 A.D.2d

9

990, 991 (N.Y. App. Div. 3d Dep't 1999). In *Marine Midland*, the court finding the plaintiff had demonstrated its entitlement to summary judgment, explained

> In view of the language of the guaranty, the documentary evidence submitted by plaintiff in support of its motion and the affidavit tendered by one of plaintiff's assistant vice-presidents, who averred that he was unaware of any promise made by plaintiff . . ., *defendant was required to come forward with something more than his conclusory assertion that plaintiff [had made a] promise[]* . . . .To this end, defendant offered the affidavit of . . . [an employee of] plaintiff during the relevant time period and who averred that "[the type of action promised] was the kind of transaction that was done by him and other loan officers" in plaintiff's employ. . . [He also] expressly states that he "remember[s] nothing of the specifics of plaintiff's loan . . ." Accordingly, [his] affidavit is of no aid to defendant.

(emphasis added) (internal brackets omitted).

Here, the language of the guaranty is clear that Young was responsible for all due payments, regardless of the repossession or sale of the plane. More specifically, the Guaranty stated Young agreed pay the amount Mayberry owed "whether evidenced by an Account Document, an open account or otherwise, and whether it represents principal, interest, rent, late charges, indemnities, an original balance*, an accelerated balance*, liquidated damages, *a balance reduced by partial payment, a deficiency after sale or other disposition of any leased equipment,* collateral or security*, or any other type of sum of any kind whatsoever*." (emphasis added).

Vesey Air has also submitted the affidavit of Dale Shores that he made no promise to Young. Young in his affidavit testified that

> I further talked with a gentleman by the name of Dale Shores, who represents the Plaintiff either as an agent or employee, with whom I informed that I would not be making any more monthly payments and that he should take the plane back and cancel the lease which he agreed to do.

Young Affidavit ¶ 5. This does not appear to be an allegation of any promise, but rather Young informed Shores he would not be paying anymore and wanted Shores to repossess the plane and

10

cancel the lease. Young's statements to Shores do not imply Shores was promising or agreeing that Young would be absolved of any liability.

Young has presented a scintilla of evidence of an oral modification. Young stated in his affidavit that after speaking with Mike Flint he was lead to understand that he would not be personally liable after the lease ended. Young Affidavit ¶ 4. However, Young did not testify to that at his deposition. In fact, Young testified that he did not recall if any one from GE had told him that and that he did not know where he got this understanding or impression from. Young Dep. 64:24-66:1. Young was clear at his deposition that he recalled Flint and his association with GE; however, at no time during his deposition did Young testify that Flint had promised him or told him that he would not be liable for payments after repossession of the plane. Young Dep. 26:13-20. Young's statement in his affidavit is conclusory and is not even supported by his own deposition testimony. There is no further supporting evidence of any alleged oral modification or promise. Furthermore, even if there were statements made they are rather vague as to their meaning. As stated, Young has failed to present sufficient evidence of an oral modification to survive summary judgment. Young has neither argued nor presented evidence of any other defense on summary judgment.

Plaintiff has demonstrated entitlement to summary judgment under both Kentucky and New York law. Young has failed to establish the defense of oral modification under either Kentucky or New York law. Therefore, summary judgment is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgement is GRANTED. An appropriate judgment shall issue.